# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WILLARD WESLEY WINTERS, JR.,**
**KAY WINTERS GOFFENA,**

      Appellants,

vs.                                           **Civ. No. 97-787 SC/DJS**

**OFFICE OF THE U.S. TRUSTEE, PAUL KITTS,**
**RICK QUANT, CLIFFORD GRAMER, GEORGE**
**DAVIDSON, GLADYS DAVIDSON, DONALD**
**BESWICK, MRS. DONALD BESWICK, ROBERT**
**F. DAVIDSON, MRS, ROBERT F. DAVIDSON,**
**BERNIE SHAW, MRS. BERNIE SHAW, LANA**
**M. MILLER, KENNETH L. MILLER, LYNN**
**F. HATHAWAY, MRS. LYNN F. HATHAWAY,**
**JESSIE ABUILAR CALDERWOOD, BUTT,**
**THORNTON & BAEHR, P.C., CHERPELIS AND**
**SALAZAR, P.A., STEVEN ANDERSON, SUE**
**ANDERSON, JUDY MERCER, CLYDE MERCER,**
**CITY OF ALBUQUERQUE, and JAMES E. BURKE,**

      Appellees.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.  **THIS MATTER** is before the Court upon an appeal from an order of the Bankruptcy

Court. The District Court referred this matter for proposed findings and recommended disposition

pursuant to  28 U.S.C. §636(b)(1)(B) and <u>Virginia Beach Savings & Loan Association v. Wood</u>, 901

---

      [1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

F.2d 849 (10th Cir. 1990). Appellants seek relief from the June 3, 1997 Order of the Bankruptcy Court converting the underlying bankruptcy case from a proceeding under Chapter 11 to a proceeding under Chapter 7.

2.  On appeal, the bankruptcy court's factual findings are reviewed for clear error and its legal conclusions are reviewed *de novo*. See Golfland Entertainment Centers, Inc. v. Peak, Inc., 119 F.3d 852, 857 (10th Cir. 1997). A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. Conoco, Inc. v. Styler, 82 F.3d 956, 959 (10th Cir. 1996). Further, under the terms of 11 U.S.C. §1112(b), the bankruptcy court's decision to convert a case from a Chapter 11 to a Chapter 7 proceeding is discretionary. See Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989). Accordingly, that decision is reviewed under an abuse of discretion standard. Bird v. Dahlstrom, 963 F.2d 382, 1992 WL112238 (10th Cir. 1992) (unpublished disposition). Under the abuse of discretion standard, the bankruptcy court's decision will not be disturbed unless the appellate court has a firm and definite conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances. See United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir. 1986) (abuse of discretion standard)(quoted in Bird, supra).

3.  On December 27, 1993, Appellants filed a voluntary Chapter 11 petition. They operated a mobile home park until the Court approved sale of that park, which took place on October 16, 1996. Appellants' first plan of reorganization was filed October 30, 1995. A second plan and disclosure statement was filed June 18, 1996. On March 18, 1997, Appellants filed a "Second Amended Plan" and "Second Amended Disclosure Statement".  Objections were filed to both the

second plan and the second amended plan. On May 6, 1997, the bankruptcy court approved the Second Amended Disclosure Statement. A third plan was filed on May 16, 1997 and a modification of that plan was filed on May 30, 1997. All parties to the bankruptcy agree that this case involves a solvent estate. On June 2, 1997, the bankruptcy court granted an Unsecured Creditors' Committee's motion to convert the case to a Chapter 7 proceeding.

4. The bankruptcy court found that there was a continuing loss to or diminution of the estate and that there was an absence of a reasonable likelihood of rehabilitation. Transcript of June 2, 1997 Hearing, p. 62. In addition, the bankruptcy court found that there was an inability to effect any realistic plan. Id. The court also found that the case exhibited unreasonable delay by the debtors which was prejudicial to the creditors. Id. at 63. On July 18, 1997, the bankruptcy court issued Supplemental Findings of Fact and Conclusions of Law in response to the motion of the United States Trustee. In those supplemental findings, the bankruptcy court found that this case had been pending for four years with no demonstrated ability of the debtors to reorganize the estate and with no business to operate; that the debtors deliberately violated an order of the court by failing to serve competing plans and the last disclosure statement, as ordered; that the debtors' proposed plan improperly provides for payments to insiders; that the creditors have no confidence or trust in the debtors' ability to reorganize the estate; that under the debtors' operation there has been a diminution of the estate; that administration of the estate has been unreasonably delayed by the debtors to the prejudice of the creditors; and that evidence indicates that payments may have been made from the estate contrary to law.

5. Appellants argue that there were legitimate reasons for the prior delay in the case and that they have succeeded in proposing a Chapter 11 plan which would pay all of the allowed creditors in

3

full. They argue that the bankruptcy court erred in ordering conversion of the case without allowing them to present evidence in support of these assertions. Appellants also argue that converting the case to Chapter 7 would add an unnecessary layer of administrative expense and that there has been no loss or diminution to the estate. In addition, Appellants contend that they did not disobey any orders of the bankruptcy court, but that they were unaware of the written order which they failed to comply with.

6. Objections to Appellants' plan or reorganization were filed by various parties and the bankruptcy court apparently rejected that plan. Consequently, as the bankruptcy court found, Appellants were unable to effectuate a plan of reorganization. This constitutes grounds for conversion pursuant to 11 U.S.C. §1112(b)(2). Review of the history of this case and Appellants' unsuccessful efforts to effectuate a plan confirms that the bankruptcy court did not abuse its discretion in finding cause for conversion on that ground. The last plan proposed by Appellants was not distributed according to the bankruptcy court's order, as it was not accompanied by the Unsecured Creditor's Committee's competing plan, the last disclosure statement, and the order specifying the means of its distribution.

7. Appellants argue that their counsel never saw the signed order, dated May 9, 1997, which directed them to distribute both plans along with the disclosure statement and the order. Their counsel admitted receiving a draft of the form of order, but did not approve the draft. In addition, counsel for the Unsecured Creditor's Committee sent counsel for Appellants a copy of the Committee's plan. The bankruptcy court noted that it is counsel's responsibility to be aware of the pleadings in a case. Further, Appellants' counsel was placed on notice that an order requiring them to distribute both plans in a short time was proposed. Unfathomably, Appellants' counsel were apparently the only

attorneys in the case who did not receive a copy of the May 9, 1997 Order. Given the age of the case and the circumstances presented by its history, it was not an abuse of discretion for the bankruptcy court to refuse to delay further to allow another distribution of the competing plans in accordance with its order. See In re Superior Sliding Door & Window, Inc., 14 F.3d 240, 242-3 (4th Cir. 1994) (Once cause for conversion is established, decision whether to convert is left to the bankruptcy court). A substantial portion of the delay in this case occurred before the retention of Appellants' current counsel. Nonetheless, the creditors have suffered detriment from the delay of the case in no small part because they have been waiting years for satisfaction of the debts they are owed by Appellants.

8.  As noted, objections were filed to Appellants' third plan. The bankruptcy court found that the plan improperly made substantial payments to insiders or affiliates of insiders. This factor concerns payments to Paul Kitts, who is the father of Appellant Kay Winters Goffena. Appellants concede that Kitts is an insider, but argue that fact should not prevent payment of his claim. Appellants also argue that no objection was raised by any of the creditors to the payments to Kitts provided for in their third plan. However, the payments to Kitts were brought to the bankruptcy court's attention by the Examiner. The United States Trustee argues that the plan called for Kitts to be paid in full in Class 6 of the creditors, prior to the payment of similarly situated creditors in Class 7. Appellants argue that the payments to Kitts are immaterial because the plan calls for the payment in full of all creditors. However, the bankruptcy court was also informed by the Examiner that Kitts had received rent free use of the mobile home park from Appellants. Once again, given the facts before the bankruptcy court, that court's decision is not clearly erroneous. See Conoco, 82 F.3d at 959.

9. Given that cause was shown to convert the case to Chapter 7, the additional layer of administrative expense engendered by that conversion does not constitute grounds to reverse the bankruptcy court. It is within that court's judgment to decide that the additional expense is outweighed by the need to protect the interests of the creditors.  Appellants argue that the bankruptcy court erred by not hearing evidence they wished to put on regarding the progress of the case, the administrative expenses incurred to date, and the viability of their proposed plan. However, there is no requirement that a full evidentiary hearing be held before the entry of a conversion order. In re Tiana Queen Motel, Inc., 749 F.2d 146, 150-51 (2d Cir. 1984), cert. denied, 471 U.S. 1138 (1985). The statute only requires that such an order be preceded by notice and a hearing. 11 U.S.C. §1112(b). In this case, Appellants' arguments were heard at length. The bankruptcy court's findings are not rendered clearly erroneous by its refusal to hear testimony from the CPA and the realtor whom Appellants wished to testify.

10. The bankruptcy court found Appellants' bad faith as one of the grounds for conversion. Appellants attack that finding on the ground that it was not explicitly made by the bankruptcy court at the June 2, 1997 hearing but was included in the supplemental findings of fact and conclusions of law prepared by the United States Trustee and filed on July 18, 1997. Appellants objection to the supplemental findings is not well taken. The bankruptcy court adopted the supplemental findings of fact and conclusion of law, rendering their authorship immaterial. Further, the bankruptcy court referenced bad faith at the hearing, referring counsel to the case of In re Nursery Land, 91 F.3d 1414 (10th Cir. 1996). This Court is aware of no authority for the proposition that a court cannot supplement oral findings with later, written findings. In light of Appellants' objection to the finding of bad faith, that finding was not an abuse of discretion by the bankruptcy court.

6

**<u>Recommended Disposition</u>**

That the order of the bankruptcy court converting the underlying case from a Chapter 11 proceeding to a Chapter 7 proceeding be confirmed and this appeal dismissed.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**